IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SUZI ALTMAN                                                                                            PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:16cv883-CWR-LRA

UNIVERSITY PRESS OF MISSISSIPPI
AND HALEY R. BARBOUR                                                                     DEFENDANTS

**ANSWER AND DEFENSES OF DEFENDANT HALEY R. BARBOUR TO [5] AMENDED COMPLAINT**

Haley R. Barbour ("Barbour") submits this Answer and Defenses to the [5] Amended Complaint ("Complaint") brought against him by Plaintiff Suzi Altman ("Altman"). Barbour states as follows:

**INTRODUCTION TO DEFENSES**

Under the law, it is Altman's burden to prove many of the issues raised in the defenses set forth below. It is Barbour's intent to preserve, and not to waive, his legal position that Altman maintains the burden of proof on these issues. Barbour reserves all other defenses in law or equity that may now exist or in the future be available upon further factual investigation and discovery.

**FIRST DEFENSE**

The Complaint as a whole, and each of its Counts, fails to state a claim against Barbour upon which relief may be granted.

**SECOND DEFENSE - ANSWER**

For his answer to the averments of the Complaint, paragraph by paragraph, Barbour states as follows:

**General Statement**

No response is required to the Complaint's headings and subheadings. In the alternative,

to the extent such a response is required, those averments are denied.

Barbour denies the averments of the unnumbered paragraph beginning with the phrase "COMES NOW" that follows the heading "AMENDED COMPLAINT," except that Barbour admits that Altman has filed suit against him and has served him with the Complaint. Barbour denies the remainder of the averments of said paragraph and denies all the averments of the Complaint except as explicitly admitted in this Answer.

1. Barbour lacks information or knowledge sufficient to form a belief as to the truth or falsity of the averments of paragraph 1 of the Complaint, but denies same to the extent they allege any wrongdoing or liability on the part of Barbour.

2. Barbour admits that University Press of Mississippi ("UP") is a non-profit Mississippi corporation and that Tonia Lonie is its registered agent at the address averred. Barbour lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remainder of the averments of paragraph 2 of the Complaint, but denies same to the extent they allege any wrongdoing or liability on the part of Barbour.

3. Barbour admits the averments of paragraph 3 of the Complaint, except that he denies that he is employed by "Butler Snow." Barbour admits he is employed by Butler Snow LLP.

4. Barbour admits this Court has original jurisdiction of this action. Barbour denies the remainder of the averments of paragraph 4 of the Complaint.

5. Barbour admits the averments of paragraph 5 of the Complaint.

6. Barbour admits that Altman has sued Defendants for alleged copyright infringement. Barbour denies the remainder of the averments of paragraph 6 of the Complaint.

7. On information and belief, Barbour admits that Altman is a professional

photographer.  Barbour admits that MEMA entered into an employment contract with Altman entitled Contract For Contractual Employment, dated August 29, 2005, which included a "Statement of Work" to be performed by Altman, reimbursed her $500.00 per day for her services described in the contract, and permitted her access to meetings and areas that she otherwise would have not been permitted to go while she was working for MEMA. Paragraph 7 of the Complaint makes averments or conclusions of law, to which no response is required.  In the alternative, Barbour denies the remainder of the averments of paragraph 7 of the Complaint.

      8.      Barbour denies the averments of paragraph 8 of the Complaint.

      9.      The referenced Certificates of Registration appear to be incomplete and speak for themselves.  Barbour lacks information or knowledge sufficient to form a belief as to the truth or falsity of what Altman may or may not have putatively registered with the United States Copyright Office.  Barbour denies the remainder of the averments of paragraph 9 of the Complaint.

      10.      Barbour admits that he received the May 11, 2016 letter, part of which is in the record at ([5-3] at 6.)  Barbour denies the remainder of the averments of paragraph 10 of the Complaint.

      11.      Barbour denies the averments of paragraph 11 of the Complaint.

      12.      Barbour denies the averments of paragraph 12 of the Complaint.

      13.      Barbour denies the averments of paragraph 13 of the Complaint.

Barbour denies the averments in the unnumbered paragraph following paragraph 13 of the Complaint and beginning with the phrase "WHEREFORE, PREMISES CONSIDERED."  To the extent not expressly admitted herein, Barbour denies the remainder of the averments of the Complaint and further denies that Aultman is entitled to any relief at law or in equity.

### THIRD DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of laches.

### FOURTH DEFENSE

Some or all of Altman's claims are barred by the statute of limitations. 17 U.SC. § 507(b).

### FIFTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of waiver.

### SIXTH DEFENSE

Altman's claims are barred, in whole or in part, by the doctrine of estoppel. Among other grounds for this affirmative defense, (i) Altman has knowingly acquiesced or consented to the publication of the images at issue by failing to bring suit until now, (ii) Barbour has marketed the images at issue on the understanding that use of any photographs therein was authorized, and (iii) Barbour has relied to his detriment on Ms. Altman's acquiescence or consent by investing significant resources in marketing the media at issue.

### SEVENTH DEFENSE

Altman's claims are barred by the equitable doctrine of unclean hands.

### EIGHTH DEFENSE

Altman's claims are barred, in whole or in part, by actual and/or implied license.

### NINTH DEFENSE

Altman lacks a valid copyright registration in some or all of the photographs at issue.

### TENTH DEFENSE

Some or all of Altman's claims are barred by the Contract for Contractual Employment between Altman and the Mississippi Emergency Management Agency ("MEMA"), dated August 29, 2005, which includes a "Statement of Work" to be performed by Altman, reimbursed her

$500.00 per day for her services described in the contract, and permitted her access to meetings and areas that she otherwise have not been permitted to go while she was working for MEMA..

### ELEVENTH DEFENSE

Some or all of Altman's claims are barred by 17 U.S.C. § 101.

### TWELFTH DEFENSE

Some of all of Altman's claims are barred by the work for hire doctrine.

### THIRTEENTH DEFENSE

Some or all of Altman's claims are barred by 17 U.S.C. § 504.

### FOURTEENTH DEFENSE

Barbour is entitled to an award of his attorneys' fees, costs and expenses under 17 U.S.C. § 505.

### FIFTEENTH DEFENSE

Altman's losses, if any, are limited to actual damages, which are the reasonable value of a license for use of the putative photographs at issue.

### SIXTEENTH DEFENSE

Altman failed to take reasonable steps to mitigate her alleged damages, if any, by delaying in initiating this Action until after University Press had published the book and after Barbour had finished his promotion of the book.  Therefore, Altman is not entitled to the damages alleged or any other damages.

### SEVENTEENTH DEFENSE

To the extent Barbour infringed any of Altman's rights in the putative photographs at issue, which Barbour specifically denies, such infringement was not willful or intentionally wrongful because Barbour had a good faith belief that the use of said photographs in the book, in social media and in the slideshow referred in the Complaint was lawful, based on affirmative

representations of same by the State of Mississippi, through employees of its instrumentality, MEMA and by UP.

### EIGHTEENTH DEFENSE

To the extent Barbour infringed any of Altman's rights in the putative photographs at issue, which Barbour specifically denies, Barbour invokes and alleges comparative fault by the State of Mississippi, through employees of its instrumentality, MEMA and by UP.

### NINETEENTH DEFENSE

Some or all of Altman's claims are barred based upon the fair use doctrine.

DATED, this 18th day of January, 2017.

                               Respectfully submitted,

                               HALEY R. BARBOUR

                   By:   s/ *E. Barney Robinson III* (MB # 09432)
                               E. Barney Robinson III (MB # 09432)
                               John C. Henegan, (MB # 2286)

                               HIS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) john.henegan@butlersnow.com
(E) barney.robinson@butlersnow.com

**CERTIFICATE OF SERVICE**

I, E. Barney Robinson III, one of the attorneys for Haley R. Barbour, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following via CM/ECF:

Bill Luckett (MB # 1487)
LUCKETT TYNER LAW FIRM, P.A.
147 Yazoo Avenue
P.O. Drawer 1000
Clarksdale, MS 38614
(P) (662) 624-2591
(F) (662) 627-5403
(E) wol@luckettyner.com

ATTORNEY FOR PLAINTIFF

Lawrence A. Schemmel (MB # 9811)
OFFICE OF THE ATTORNEY GENERAL OF MISSISSIPPI
P.O. Box 1850
401 North West Street
Jackson, MS 39215-1850
(P) (601) 359-7600
(F) (601) 359-774
(E) lschemmel@mdot.ms.gov

ATTORNEY FOR DEFENDANT UNIVERSITY PRESS OF MISSISSIPPI

THIS the 18th day of January, 2017.

          By: s/*E. Barney Robinson III* (MB # 09432)
             E. Barney Robinson III (MB # 09432)

34293694v2