JIM HOOD
Attorney General of Mississippi
LAWRENCE A. SCHEMMEL
Office of the Attorney General
 P. O. Box 1850
 401 North West Street
 Jackson, MS  39215-1850
 Telephone: (601) 359-7600
 Facsimile:  (601) 359-7774
 E-mail:  *lschemmel@mdot.ms.gov*

*Attorneys for Defendant*
*University Press of Mississippi*


E. BARNEY ROBINSON, III
JOHN C. HENEGAN
Butler Snow LLP
 1020 Highland Colony Parkway, Suite 1400
 Ridgeland, MS  39157
 Telephone:  (601) 948-5711
 Facsimile:   (601) 985-4500
 E-mail:  Barney.Robinson@butlersnow.com
          John.Henegan@butlersnow.com

*Attorneys for Defendant*
*Haley R. Barbour*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

| | |
|---|---|
| **SUZI ALTMAN,** <br><br> Plaintiff, <br><br> v. <br><br> **UNIVERSITY PRESS OF MISSISSIPPI and HALEY R. BARBOUR,** <br><br> Defendants. | Case No.  3:16-cv-00883-CWR-LRA <br><br> **ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANT UNIVERSITY PRESS OF MISSISSIPPI** <br><br> Response Date:  January 18, 2017 <br><br> Action Filed: 11/10/2016 <br> Amended:      12/09/2016 |

On November 10, 2016, Plaintiff filed a Complaint in this case against the University Press of Mississippi ("Press") and Haley R. Barbour alleging copyright infringement under the U.S. Copyright Act. (Docket Entry No. 1). The Complaint alleged infringement of photographs used in a Press publication entitled "America's Great Storm: [sic] Leading Through Hurricane Katrina". On December 7, 2016, Defendant Press filed a Motion for Extension of Time to Respond to Complaint (Docket Entry No. 4), which motion was granted by Text-Only Order on December 8, 2016, thereby extending the time for response to on or before January 11, 2017. Due to both Defendants having no knowledge of what photographs were alleged to be infringed and no basis whatsoever upon which to responsively plead or answer and upon instigation of the Defendants, the Plaintiff on December 9, 2016, filed an Amended Complaint setting forth certain specific photographs alleged to be infringed by the Press' publication and other alleged infringement matters. (Docket Entry No. 5, and 5-1 through 5-4).

Defendants have been in discussions with Plaintiff's counsel concerning the matter and on January 10, 2017, Defendant Haley Barbour filed on behalf of both named defendants an unopposed Consent Motion for Extension of Time to Plead or Otherwise Respond to Amended Complaint (Docket Entry No. 10), to extend such date to January 18, 2017, which was granted by Order on January 11, 2017.

Defendant University Press of Mississippi hereby responds to and answers the Amended Complaint of Suzi Altman ("Plaintiff"), and sets forth its Affirmative Defenses as follows:

1. University Press is without knowledge or information sufficient to form a belief as to the truth of the facts and/or allegations of Paragraph 1, and on that basis therefore denies them.

2. University Press admits that it is a non-profit governmental entity that publishes literary works and maintains its main office and principal place of business in the State of Mississippi at 3825 Ridgewood Road, Jackson, MS and has a registered agent for service of process as filed with the MS Secretary of State, that agent being listed as Tonia Lonie. University Press admits that a letter dated June 15, 2016, and entitled "The University Press of Mississippi: America's Great Storm" with a two-page enclosure entitled "Notice of Claim" was delivered to Leila W. Salisbury on or about June 20, 2016.

3. University Press is without knowledge or information sufficient to form a belief as to the truth of the facts and/or allegations of Paragraph 3, and on that basis therefore denies them.

4. The allegations of Paragraph 4 state legal conclusions to which no response is required. To the extent that a response is required, University Press denies the allegations of Paragraph 4.

5. The allegations of Paragraph 5 state legal conclusions to which no response is required. To the extent that a response is required, University Press denies the allegations of Paragraph 5.

6. The allegations in Paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, University Press denies violation of copyright law and denies infringement and the allegations of Paragraph 6.

7. University Press is without knowledge or information sufficient to form a

belief as to the truth of the facts and/or allegations of the first sentence of Paragraph 7, and on that basis therefore denies them. University Press admits to having knowledge that the Plaintiff was employed in 2005 by the Mississippi Emergency Management Agency (MEMA) "[t]o augment MEMA's Public Information during the response and recover [sic] for Hurricane Katrina". University Press is without knowledge or information sufficient to form a belief as to the truth of the remaining facts and/or allegations of Paragraph 7, and on that basis therefore denies them.

8. University Press is without knowledge or information sufficient to form a belief as to the truth of the facts and/or allegations of Paragraph 8, and on that basis therefore denies them.

9. University Press is without knowledge or information sufficient to form a belief as to the truth of the facts and/or allegations of Paragraph 9, and on that basis therefore denies them.

10. University Press admits that it published a book entitled "America's Great Storm: Leading Through Hurricane Katrina" in 2015. University Press admits receiving correspondence from Bill Luckett dated February 22, 2016, entitled "America's Great Storm" and referring to a letter sent to a Robert Cook, but is without knowledge or information sufficient to form a belief as to the truth of the facts and/or allegations and the basis of the contents of that correspondence, and on that basis therefore denies them; sending to William O. Luckett, via counsel, correspondence dated March 8, 2016, entitled "The University Press of Mississippi: America's Great Storm"; and receiving, via counsel, correspondence from Bill Luckett dated April 29, 2016, entitled "The University Press of Mississippi: America's Great Storm", but is without knowledge or information sufficient to

Answer and Affirmative Defenses of
University Press of Mississippi to Amended
Complaint

4

form a belief as to the truth of the facts and/or allegations and the basis of the contents of that correspondence, and on that basis therefore denies them. University Press is without knowledge or information sufficient to form a belief as to the truth of any other facts and/or allegations of Paragraph 10, and on that basis therefore denies them.

11. University Press is without knowledge or information sufficient to form a belief as to the truth of the facts and/or allegations of Paragraph 11, and on that basis therefore denies them.

12. The allegations of paragraph 12 state legal conclusions to which no response is required. To the extent that a response is required, University Press denies the allegations of Paragraph 12.

13. The allegations in Paragraph 13 constitute legal conclusions to which no response is required. To the extent a response is required, University Press denies the allegations of Paragraph 13 and denies that the Plaintiff is entitled to any judgement or relief requested or demanded in the amended complaint, or to any judgment or relief whatsoever.

## **WHEREFORE Paragraph**

14. University Press restates and hereby incorporates by reference its responses to Paragraphs 1 through 13 above.

15. University Press denies that the Plaintiff is entitled to any judgement or relief requested or demanded in the amended complaint or in the WHEREFORE

Paragraph, or to any judgment or relief whatsoever.

16. WHEREFORE, the University Press denies each and every allegation not specifically admitted or otherwise responded to above. The University Press specifically denies that it has infringed or is liable for infringement of any copyright or copyright rights of the Plaintiff or that it has violated the Plaintiff's rights and respectfully prays that this Court will dismiss the amended complaint with prejudice.

17. WHEREFORE, the University Press denies that the Plaintiff is entitled to any relief whatsoever of any kind against the University Press and that the University Press should be awarded all costs of this action including attorneys' fees.

18. WHEREFORE, the University Press should be provided with all such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant University Press of Mississippi asserts the following Affirmative Defenses:

### FIRST DEFENSE

1. University Press ("Press") is not liable for any claim made by the Plaintiff in this matter.

University Press, as the publisher, and Haley R. Barbour and Jere Nash, as the authors, executed a Publishing Agreement, Contract No. A15-068, on March

31, 2015, concerning a work entitled "America's Great Storm: Leading Through Hurricane Katrina" ("Work"). Pursuant to that agreement, the authors specifically represented and warranted, among other matters, that the Work as submitted was innocent and without matter that would infringe any copyright or other proprietary right of privacy, that the Work was free of all claims, and that the Work had not been registered with the Copyright Office of the United States in any form. Further, the authors agreed to indemnify and hold the Press harmless both before and after publication of the Work from any claim, suit, or proceedings (including the reasonable cost of defense and any resulting liability, less expense, or damage) asserted or instituted by reason of publication or sale of the Work or exercise of any rights granted the Press under the terms of the Agreement and arising from the breach of alleged breach of the warranties set forth in the Agreement. All warranties and indemnities were to survive in the event the Agreement was terminated. The obligations of the authors were agreed to be joint and several.

The authors agreed to obtain at their own expense all permissions necessary to quote from or reproduce copyrighted material or other material that was the property of others and to transmit such permissions to the Press in writing with the final manuscript. Any and all advice supplied by the Press to the authors regarding permissions, fair use, copyright law, and related issues were not in any way to affect or alter the authors' warranty as stated in the Agreement.

The Publishing Agreement is incorporated herein as Exhibit 1.

## SECOND DEFENSE

2. The use of all photographs in the University Press publication was innocent and reasonably based on affirmative assurances and permissions and/or licenses provided to it by each of the respective owners of the rights to the photographs. The University Press proceeded at all relevant times under a good faith belief

Answer and Affirmative Defenses of
University Press of Mississippi to Amended
Complaint

7

concerning all permissions and ownership representations that such use was lawful and credited each photograph individually in the publication based on those assurances and permissions and/or licenses.

### THIRD DEFENSE

3. Plaintiff's amended complaint fails to state any claim upon which relief may be granted.

### FOURTH DEFENSE

4. Plaintiff's amended complaint fails for lack of personal jurisdiction over the Defendant.

### FIFTH DEFENSE

5. Plaintiff's complaint fails for improper venue.

### SIXTH DEFENSE

6. Plaintiff's complaint fails for insufficient process.

### SEVENTH DEFENSE

7. Plaintiff's complaint fails for insufficient service of process.

### EIGHTH DEFENSE

8. To the extent that the Plaintiff has copyright rights to any relevant material, Plaintiff's claims are barred because any use or proposed use by Defendant of Plaintiff's material constitutes fair use under 17 U.S.C. §107.

NINTH DEFENSE

9. Defendant's use of relevant material involves material that is either in the public domain, has not been registered, and/or has been published previously by other parties and/or is owned or co-owned by other parties. Further, University Press currently lacks sufficient knowledge concerning the allegations of the Plaintiff concerning ownership of the copyrights in this matter and, on that basis, denies that the Plaintiff is the owner of the copyrights at issue in this case.

TENTH DEFENSE

10. Plaintiff's claims are barred by the doctrine of unclean hands.

ELEVENTH DEFENSE

11. Plaintiff's claims are barred by the doctrines of license, consent, acquiescence, acknowledgment, ratification, laches, estoppel, and/or waiver.

TWELFTH DEFENSE

12. Plaintiff lacks valid registrations of copyrights, failed to obtain valid copyright registrations, failed to properly and/or timely register her alleged works or material, failed to notice any alleged registrations, and/or failed to comply with statutory requirements or formalities.

THIRTEENTH DEFENSE

13. Plaintiff's claims are barred by, and University Press' use of relevant material and right to publish is protected under, the free speech constitutional protections of the First Amendment to the United States Constitution.

FOURTEENTH DEFENSE

14. Plaintiff's claims are barred by the doctrine of equitable estoppel.

## FIFTEENTH DEFENSE

15. University Press asserts that Plaintiff does not own copyright rights in relevant material that the University Press has used in its publication and Plaintiff's claims are nevertheless barred since any copyright claimed in such material is invalid and/or unenforceable.

## SIXTEENTH DEFENSE

16. To the extent that Plaintiff owns any copyright rights whatsoever to any relevant material that University Press has used in its publication, Plaintiff's claims are barred and/or unenforceable under the doctrine of misuse of copyright.

## SEVENTEENTH DEFENSE

17. Plaintiff's claims are barred since she has forfeited and/or abandoned her rights to copyright in relevant material that University Press has used in its publication.

## EIGHTEENTH DEFENSE

18. Plaintiff's claims are barred due to lack of standing to assert claims for any claimed or alleged copyright.

## NINETEENTH DEFENSE

19. Plaintiff's claims are barred since the damages or statutory damages sought are unconstitutionally excessive and are disproportionate to any actual damages that may have or will be sustained, all in violation of the Due Process Clause.

## TWENTIETH DEFENSE

20. Plaintiff's claims are barred since the University Press is immune from such claims and damages under the Eleventh Amendment to the United States

Answer and Affirmative Defenses of
University Press of Mississippi to Amended
Complaint

10

Constitution.

### TWENTY-FIRST DEFENSE

21. Plaintiff has failed to join indispensable parties.

### TWENTY-SECOND DEFENSE

22. Any action by the Plaintiff impeding promotion and/or future publication(s) by the University Press in this matter would be an unconstitutional restraint and/or prior restraint.

### TWENTY-THIRD DEFENSE

23. Plaintiff's claims are barred for lack of subject matter jurisdiction to the extent the Plaintiff lacks valid registrations of copyright alleged in the amended complaint.

### TWENTY-FOURTH DEFENSE

24. Plaintiff's claims are barred to the extent that the relevant alleged registration applications have caused fraud upon the Copyright Office.

### TWENTY-FIFTH DEFENSE

25. Plaintiff's claims are barred by relevant and applicable statutes of limitations.

### TWENTY-SIXTH DEFENSE

26. To the best of the Defendant's current knowledge, any and all use of relevant photograph material in the publication and the Work was properly permitted and/or licensed or consented to by the owners of the appropriate rights in such material.

## TWENTY-SEVENTH DEFENSE

27. University Press has not infringed upon the copyright rights of the Plaintiff or any other party concerning material and photograph material it has used in its publication. Plaintiff's claims are barred because she impliedly authorized the Defendant's allegedly infringing use of her works.

## TWENTY-EIGHTH DEFENSE

28. Plaintiff's claims are not ripe for adjudication.

## TWENTY-NINTH DEFENSE

29. Plaintiff's claims barred in whole or in part by her failure to mitigate her damages, if any.

## THIRTIETH DEFENSE

30. To the extent of the Defendant's current knowledge, the photographs in the Work are not the Plaintiff's photographs and/or other parties own the rights to copyright to the photographs published in the Work.

## THIRTY-FIRST DEFENSE

31. The Court lacks subject matter jurisdiction of this action since the Plaintiff lacks statutory and Constitutional standing to bring this action.

## THIRTY-SECOND DEFENSE

32. Plaintiff's claims are barred under 17 U.S.C. §101, et seq. and/or 17 U.S.C. §504.

## THIRTY-THIRD DEFENSE

33. Plaintiff's claims are barred for lack of subject matter jurisdiction since there

exists a lack of valid copyright registrations and/or registration has not properly or timely occurred.

### THIRTY-FOURTH DEFENSE

34. Plaintiff's claims to damages, statutory damages, and attorneys' fees and costs are barred by the U.S. Code, U.S. Constitution, and/or the U.S. Copyright Act.

### THIRTY-FIFTH DEFENSE

35. Plaintiff's claims to any and all damages, if any exist and which the Defendant disputes, are limited to actual damages equal to a reasonable license fee for use of a photograph.

### THIRTY-SIXTH DEFENSE

36. Plaintiff's claims fail since third party(ies) claim ownership and rights in copyright to relevant material that the Defendant has used in its publication.

### THIRTY-SEVENTH DEFENSE

37. All material produced under the contract between the Plaintiff and the Mississippi Emergency Management Agency (MEMA) was work product which MEMA owned upon termination of the contract.

### THIRTY-EIGHTH DEFENSE

38. All material produced under the contract between the Plaintiff and MEMA was work product for which MEMA holds, at a minimum, co-ownership rights and which was a joint work.

### THIRTY-NINTH DEFENSE

39. Defendant holds a license obtained from MEMA to use the material that

Defendant used in the Work, since the material was the subject of an unrestricted license and MEMA holds an unrestricted license to use the material.

### FORTIETH DEFENSE

40. The material in the Work alleged to be the property of the Plaintiff was used in the Work under an actual and/or implied license.

### FORTY-FIRST DEFENSE

41. The material in the Work alleged to be the property of the Plaintiff did not and does not qualify for copyright registration and protection.

### FORTY-SECOND DEFENSE

42. Any alleged registration of copyright by the Plaintiff concerning the material within the Work is invalid.

### FORTY-THIRD DEFENSE

43. Any alleged registration of copyright by the Plaintiff concerning the material within the Work failed to disclose and/or include relevant and/or material facts, including failing to include licensee(s) and/or joint owners.

### FORTY-FOURTH DEFENSE

44. Defendant University Press reserves the right to amend its answer and affirmative defenses and/or to assert additional defenses and affirmative defenses upon the proceeding and/or completion of investigation and discovery.

Answer and Affirmative Defenses of
University Press of Mississippi to Amended
Complaint
14

WHEREFORE, having fully answered or otherwise responded to the allegations contained in the amended complaint, Defendant University Press of Mississippi prays for judgment as follows:

1. University Press denies each and every allegation not specifically admitted or otherwise responded to hereinabove. The University Press specifically asserts that, to its knowledge, other party(ies) own(s) copyright rights to the relevant material included in its publication, it denies that Plaintiff owns copyright rights to any relevant material, and it denies it has infringed or is liable for infringement of any copyrights or copyright rights of the Plaintiff or that it has violated the Plaintiff's rights. The University Press respectfully prays that this Court will dismiss the amended complaint in its entirety and with prejudice.

2. University Press denies that the Plaintiff is entitled to any relief whatsoever of any kind against the University Press and that the University Press should be dismissed from this action. University Press further has the right of indemnity in this matter.

3. University Press should recover from Plaintiff and be awarded all costs of this action including expenses and attorneys' fees to the maximum extent allowed by law.

4. University Press should be provided with and recover all such other and further relief as the Court deems just and proper.

//
//
//

| | | |
|---|---|---|
| Dated: January 18, 2017 | | Respectfully submitted, |

JIM HOOD
Attorney General of Mississippi
/S LAWRENCE A. SCHEMMEL
Office of the Attorney General
MSB NO. 9811

*Attorneys for Defendant*
*University Press of Mississippi*

//

*Certificate of Service*

I hereby certify that on January 18, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following: William O. Luckett, Jr., Esq., wol@lucketttyner.com, Counsel for Plaintiff, and E. Barney Robinson, III, Esq., barney.robinson@butlersnow.com and John C. Henegan, Esq., john.henegan@butlersnow.com, Counsel for Defendant Haley R. Barbour, and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: NA.

//
//
//

        Respectfully submitted,

        JIM HOOD
        Attorney General of Mississippi
        s/ LAWRENCE A. SCHEMMEL
        Office of the Attorney General
        MSB NO. 9811

        *Attorneys for Defendant*
        *University Press of Mississippi*